IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CDN INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>IHEARTMEDIA, INC.,<br><br>Defendant. | CIVIL ACTION<br><br>NO. _____<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CDN Innovations, LLC ("Plaintiff") files this Complaint for Patent Infringement and states as follows:

**THE PARTIES**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Georgia, having its principal office at 44 Milton Ave., Suite 254, Alpharetta, GA 30009.

2. Upon information and belief, Defendant iHeartMedia, Inc. is a Delaware corporation.

**JURISDICTION AND VENUE**

3. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4. This Court has personal jurisdiction over Defendant, consistent with due process. Defendant is incorporated in this State. Further, Defendant has minimum contacts with this State,

and Defendant has purposefully availed itself of the privileges of conducting business in this State, including through the sale, offer for sale, and/or use of the accused products and/or services throughout this State.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) on the grounds that Defendant resides in this State.

## FACTUAL BACKGROUND

**U.S. Patent No. 7,308,487**

6. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,308,487, entitled "System and method for providing fault-tolerant remote controlled computing devices" ("the '487 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

7. A true and correct copy of the '487 patent is attached hereto as Exhibit A. The '487 patent is incorporated herein by reference.

8. The application that became the '487 patent was filed on December 12, 2001, claiming priority to a U.S. provisional application filed on December 12, 2000.

9. The '487 patent issued on December 11, 2007, after a full and fair examination by the USPTO, with 306 days of patent-term adjustment.

10. The '487 patents resulted from pioneering efforts of the inventors in the area of client-server computing devices, particularly in the area of storing and playing multimedia content on local computing device configured to communicate with a server. These efforts resulted in the development in 2000 of the inventions claimed in the '487 patent regarding a method for providing an autonomous multimedia computing device.

**U.S. Patent No. 6,865,532**

11. Plaintiff is the owner by assignment of all right, title, and interest in and to United

States Patent No. 6,865,532, entitled "Method for recognizing spoken identifiers having predefined grammars" ("the '532 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

12. A true and correct copy of the '532 patent is attached hereto as Exhibit B. The '532 patent is incorporated herein by reference.

13. The '532 patent issued from a patent application that was filed on September 19, 2001.

14. The '532 patent issued on March 8, 2005, after a full and fair examination by the USPTO, with 601 days of patent-term adjustment.

15. The '532 patent resulted from the pioneering efforts of the inventor in the area of voice-operated communication devices, and more particularly the area of recognizing spoken identifiers. These efforts resulted in the development of a novel method for recognizing spoken identifiers having predefined grammars.

## COUNT I – INFRINGEMENT OF THE '487 PATENT

16. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

17. Defendant has made, used, sold, offered for sale, and/or imported products that incorporate one or more of the inventions claimed in the '487 patent, including in internal testing and usage.

18. For example, Defendant has infringed at least claims 1 of the '487 patent, either literally or under the doctrine of equivalents, in connection with its iHeartRadio service, as detailed in the preliminary claim chart attached hereto as Exhibit C, which is incorporated herein by reference.

19. On information and belief, Defendant has performed all steps of this claim or,

alternatively, to the extent a third party performed any step, Defendant conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. For example, on information and belief, a third party could not use the functionality of the accused instrumentality without performance of the recited steps. Defendant also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality, the recited steps had to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not have been available to third parties.

20. Defendant's infringing activities have been without authority or license under the '487 patent.

21. Because the asserted claims of the '487 patent are method claims, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

22. Plaintiff has been damaged by Defendant's infringement of the '487 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '532 PATENT

23. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

24. Defendant has made, used, sold, offered for sale, and/or imported products that incorporate one or more of the inventions claimed in the '532 patent, including in internal testing and usage.

25. For example, Defendant has infringed at least claims 1 and 7 of the '532 patent, either literally or under the doctrine of equivalents, in connection with Defendant's iHeartRadio,

as detailed in the preliminary claim chart attached hereto as Exhibit D, which is incorporated herein by reference.

26.     On information and belief, Defendant has performed all steps of these claims or, alternatively, to the extent a third party performed any step, Defendant conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. For example, on information and belief, a third party could not use the functionality of the accused instrumentality without performance of the recited steps. Defendant also controlled the manner and/or timing of the accused functionality. In other words, for a third party to utilize the accused functionality, the recited steps had to be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not have been available to third parties.

27.     Defendant's infringing activities have been without authority or license under the '532 patent.

28.     Because the asserted claims of the '532 patent are method claims, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

29.     Plaintiff has been damaged by Defendant's infringement of the '532 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. Entry of judgment that Defendant has infringed one or more claims of the '487 patent,

B. Entry of judgment that Defendant has infringed one or more claims of the '532 patent,

C. Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty, and an accounting of all infringing acts, including but not limited to those acts not presented at trial,

D. A determination that this case is exceptional, and an award of attorney's fees,

E. All costs of this action,

F. Pre-judgment and post-judgment interest on the damages assessed, and

G. Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 9th day of July, 2025.

STAMOULIS & WEINBLATT LLC

/s/ *Richard C. Weinblatt*
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street, Third Floor
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Of Counsel*

Cortney S. Alexander
(application for admission pro hac vice forthcoming)
   cortneyalexander@kentrisley.com
   Tel: (404) 855-3867
   Fax: (770) 462-3299

KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff